UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:17-cr-00178-01-JPH-TAB |
| ) | No. 1:17-cr-00144-04-JPH TAB |
| ) | |
| DAVON A HERRON, ) | |
| ) | |
| Defendant. ) | |

**ORDER DENYING MOTIONS TO REDUCE SENTENCE**

Davon Herron has filed two motions to reduce his sentence under Amendment 821 to the United States Sentencing Guidelines, which retroactively lowered the sentencing guidelines calculation for some defendants. No. 1:17-cr-178-01, dkt. 117; No. 1:17-cr-144-04, dkt. 292.

Under 18 U.S.C. § 3582(c), a district court "may not modify a term of imprisonment once it has been imposed" unless an exception applies. *See Dillon v. United States*, 560 U.S. 817, 824 (2010). One of those exceptions is for "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Motions for sentence reductions under § 3582(c)(2) are evaluated in "a two-step inquiry." *Dillon*, 560 U.S. at 826–27. First, the district court must determine whether the reduction is permissible under the amended guidelines. *Id.* If that first step is satisfied, the district court must consider "any applicable § 3553(a) factors and determine whether,

1

in its discretion, the reduction . . . is warranted . . . under the particular circumstances of the case." *Id.*

Here, Mr. Herron's motion in his -178 case seeks a reduction under Amendment 821 Part A, which limits "status points" imposed for having committed the offense while under a criminal justice sentence. Dkt. 117; USSG §4A1.1. And his motion in his -144 case seeks a reduction under Amendment 821 Part B, which decreases the offense level "for certain zero-point offenders." Dkt. 292; USSG §4C1.1(a). The government responds that Mr. Herron is not eligible for a reduction under either part because the amendment does not change his guidelines range. No. 1:17-cr-178, dkt. 124[1].

Mr. Herron did not receive any status points, No. 1:17-cr-178, dkt. 70 at 10–11, so Amendment 821 Part A does not affect his criminal history category or resulting guidelines range, *see* USSG §4A1.1(e). And to be eligible for Part B's zero-point offender retroactive adjustment, Mr. Herron must not have "possess[ed] . . . a firearm or other dangerous weapon . . . in connection with the offense." USSG §4C1.1(a)(7). However, he was "armed with a pistol" during the offenses. No. 1:17-cr-144, dkt. 135 at 7–10 (stipulated factual basis). So neither part of Amendment 821 changes Mr. Herron's sentencing range, and the Court may reduce his sentence only if his "sentencing range . . . has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *see* USSG §1B1.10(a) (same).

---

[1] The government addressed both Part A and Part B in its response in No. 1:17-cr-178. Dkt. 124. Mr. Herron was sentenced in both cases in a joint hearing under the same plea agreement. *See* No. 1:17-cr-178, dkt. 76; No. 1:17-cr-144, dkt. 214.

Mr. Herron also seeks a sentence reduction under Amendment 829, which addressed when a downward departure "may be warranted due to the defendant's youthfulness at the time of the offense or prior offense." No. 1:17-cr-178, dkt. 117. But Amendment 829 is not retroactive, so it cannot support a sentence reduction. See USSG §1B1.10(d) (listing retroactive amendments).

Mr. Herron therefore is not eligible for a sentence reduction under *Dillon*'s first step, and his motions are **DENIED**. No. 1:17-cr-178, dkt. [117]; No. 1:17-cr-144, dkt. [292]. The **Clerk is directed** to docket this order in both 1:17-cr-178-01-JPH-TAB and 1:17-cr-144-04-JPH-TAB.

**SO ORDERED.**

Date: 12/9/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel

Davon Herron 15955-028
FCI Williamsburg
Inmate Mail
P.O. Box 340
Salters, SC 29590